(Not for publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| TERRY WILLIAMS and RAYMOND WILLIAMS, | : : : : | |
| Plaintiffs, | : : | Civil No. 07-2755 (RBK) |
| v. | : : | **OPINION** |
| AMERISUITES., et al., | : : | |
| Defendants. | : : | |

**KUGLER**, United States District Judge:

Presently before the Court is a motion by plaintiffs Terry Williams and Raymond Williams ("Plaintiffs") to reinstate the Complaint and for leave to file a Second Amended Complaint. For the reasons set forth below, this Court will deny Plaintiffs' motion.

I. BACKGROUND

Plaintiffs commenced this action by filing a Complaint on June 13, 2007. On June 18, 2007, this Court entered an Order directing Plaintiffs to file an Amended Complaint properly alleging the citizenship of every party, under pain of dismissal for lack of subject matter jurisdiction. Plaintiffs filed an Amended Complaint on June 29, 2007. On July 5, 2007, this Court entered an Order dismissing the action, as it found that the Amended Complaint failed to properly allege the citizenship of plaintiff Raymond Williams. On July 18, 2007, Plaintiffs filed

the motion presently before this Court. In their motion, Plaintiffs seek to have this Court reinstate the Complaint and grant Plaintiffs leave to file a Second Amended Complaint.

**II.     STANDARD**

Plaintiffs' motion seeks in part to reinstate the Complaint. However, as Plaintiffs' motion asks this Court for relief from its Order dismissing the Complaint, Plaintiffs' motion is properly construed as one brought pursuant to Federal Rule of Civil Procedure 60(b). In the District of New Jersey, such motions for reconsideration are governed by Local Civil Rule 7.1(i). Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(I). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp. 2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See Student Public Interest Research Group v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp. 2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 (D.N.J. 1992); Egloff v. New Jersey Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

### III.  ANALYSIS

In both their Complaint and Amended Complaint, Plaintiffs asserted that this Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. As this Court noted in its Order directing Plaintiffs to amend their Complaint, for purposes of diversity jurisdiction, the citizenship of each party must be alleged specifically. See Hodgson v. Bowerbank, 9 U.S. (5 Cranch) 303 (1809). Furthermore, as was also noted in this Court's Order directing Plaintiffs to amend their Complaint, "mere residency in a state is insufficient for purposes of diversity." Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) (citing Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377 (1904)). In their Amended Complaint, Plaintiffs' only allegation as to Raymond Williams' citizenship is a statement that he "resid[es]" at a certain address in New

Jersey; the Amended Complaint makes no allegation as to Raymond Williams' citizenship. Accordingly, this Court found the Amended Complaint to be deficient as to the allegations necessary to confer diversity jurisdiction upon this Court, and subsequently dismissed the case for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

In reviewing Plaintiffs' present motion, this Court finds no good cause for Plaintiffs' failure to incorporate the necessary allegations in their Amended Complaint. Furthermore, this Court is unable to ascertain any errors contained in its Order dismissing this action, as Plaintiffs have failed to submit any brief in support of their motion.[1] Accordingly, as this Court has been proffered no reason as to why it should grant Plaintiffs' motion, it will deny said motion.

## IV.   CONCLUSION

Based on the foregoing reasoning, this Court will deny Plaintiffs' motion. The accompanying Order shall issue today.


Dated: July 23, 2007                                              s/ Robert B. Kugler
                                                                         ROBERT B. KUGLER
                                                                         United States District Judge

---

[1] This Court notes that Plaintiffs have failed to comply with Local Civil Rule 7.1(i), which states that a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion." Giving Plaintiffs the benefit of the doubt and assuming that they did not construe this motion as one governed by Local Civil Rule 7.1(i), this Court nonetheless notes that Plaintiffs have failed to comply with Local Civil Rule 7.1(d), which states that if a party chooses to not file a brief accompanying a motion, that party is to "file a statement that no brief is necessary and the reasons therefor." L. Civ. R. 7.1(d)(4).